RECEIVED
IN ALEXANDRIA, LA.

MAY 2 3 2014

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

IVORY LANE SIMON                     DOCKET NO. 14-CV-586; SEC. P
   LA. DOC. #505008

VERSUS                               JUDGE DEE D. DRELL

JAMES LEBLANC, ET AL.                MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Ivory Lane Simon, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 18, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. He complains that he was denied access to the courts. He seeks compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the reasons that follow, it is recommended that Plaintiff's claims be denied and dismissed against all defendants *except Eloris Anderson*.

### *Factual Allegations*

Plaintiff alleges that, on October 24, 2013, he deposited into the WNC mailbox a writ application for the United States Supreme Court. The following morning, his case manager alerted him that Defendant Eloris Anderson said that she was not sending the mail out because it was in a priority mail envelope. Plaintiff

requested again that the mail be sent priority, and he submitted a withdrawal form for any additional postage cost.   Nonetheless, Defendant Anderson stated that she would not mail the writ application.

Plaintiff filed a request for administrative remedy on October 28, 2013.   He alleges that he did not receive a response until January 6, 2014, despite the response having been prepared and signed on December 11, 2013.   [Doc. #1, p.8, 12]   The response states that the package was not mailed because it only had $4.60 postage, but the amount required was $15.10.   The ARP response also states that Plaintiff was notified and advised that the package could not be "certified" because Plaintiff did not have sufficient funds in his account.   [Doc. #1, p.12]

According to Plaintiff, he had more than enough money in his account to cover the cost of postage.   He submits inmate account statements in support of his claim, which show that, at the beginning of October 2013, Plaintiff's inmate account had a balance of $0.05.   He had deposits of $278.00 between October 3, 2013, and October 25, 2013.   He had charges or debits of $216.33 during the same time frame.   Thus, his balance on October 25, 2013, should have been $61.72.   On October 26, 2013, he had another debit of $10.00, leaving $51.72.   He had debits of $47.47 on October 29, 2013, but received another $100 deposit on October 31, 2013, ending the month with a balance of $104.25.   [Doc. #1, p.17-18, Exhibit E]

Defendant Anderson eventually mailed the writ application, which was received by the United States Supreme Court on January 30, 2014.  [Doc. #1, p.10]  The application was returned to the plaintiff because it was filed untimely, noting that the deadline for filing was October 27, 2013.  It appears that Plaintiff then filed a motion in the United States Supreme Court asking that the Petition for Writ of Certiorari be filed out of time, and the motion was denied.  See Simon v. Terrell, --- S.Ct. ----, 2014 1757764, 82 USLW 3650 (5/5/2014).

### Law and Analysis

Plaintiff named as defendants James LeBlanc, Eloris Anderson, Tim Keith, CCA, XYZ Insurance Company, and John Doe.  However, the allegations presented only involve the actions of Defendant Eloris Anderson.

1.   James LeBlanc

First, any claims against James LeBlanc in his official capacity are barred by sovereign immunity.  A suit against a state official or employee in his or her official capacity is actually a suit against the state itself.  See Hafer v. Melo, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity.  Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002).  By statute,

3

Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. §13:5106(A).  Plaintiff does not state a claim against James LeBlanc in his individual capacity, as he presents no allegations involving LeBlanc with regard to the alleged deprivation.  "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir.2002) (citation omitted).  "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.1983).  In this case, Plaintiff has made no factual allegations whatsoever of the personal involvement of James LeBlanc.

2.   Tim Keith and CCA

Plaintiff also names Warden Keith and Corrections Corporation of America (CCA) as defendants.  Liability under section 1983 cannot be established solely on a theory of respondeat superior[1]. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person"

---

[1]The doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency.  Black's Law Dictionary (9th ed. 2009)

under 42 U.S.C. 1983; <u>Robertson v. Sichel</u>, 127 U.S. 507, 515-516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). There are no allegations of involvement by Tim Keith.

Likewise, as to CCA, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. <u>Rosborough v. Mgmt. & Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff has not presented allegations of involvement by CCA nor does he identify an unconstitutional policy implemented by CCA that causally resulted in the alleged constitutional deprivation. See <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993).

3.  John and Joan Doe

Plaintiff names as defendants on his complaint form "John and Jane Doe." However, he provides no allegations involving any unnamed defendants.

5

*Conclusion*

In summary, Plaintiff's complaint fails to state a claim for which relief can be granted against *all defendants other than Eloris Anderson*. **IT IS RECOMMENDED** that Plaintiff's claim against all defendants **except Eloris Anderson** be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A. *A separate order will issue with regard to service of process on Defendant Anderson.*

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS

ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 22nd day

of May, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7