U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT - 5 2015

TONY R. MOORE, CLERK
BY
            DEPUT

UNITED STATES DISTRICT COURT                        b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

IVORY LANE SIMON,                    CIVIL ACTION
        Plaintiff                    SECTION "P"
                                     NO. 1:14-CV-00586
VERSUS

JAMES L. LEBLANC, et al.,            JUDGE DEE D. DRELL
        Defendants                   MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a verified civil rights complaint filed

pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se

plaintiff Ivory Lane Simon ("Simon") on March 18, 2014 (Doc. 1).

The sole remaining defendant is Eloris Anderson ("Anderson"), who

is employed in the mail room at the Winn Correctional Center

("WCC") in Winnfield, Louisiana (Doc. 13).  Simon contends that,

while he was incarcerated in WCC in 2013, Anderson refused to send

Simon's application for writ of certiorari to the United States

Supreme Court by priority mail on October 25, 2013, despite the

fact that it was in a priority mail envelope and Simon provided an

account withdrawal form for the postage cost.  Simon's application

was held and mailed much later and, as a result, it was denied for

untimeliness (Doc. 1, Ex. A).[1]

For relief, Simon asks for a jury trial, monetary damages

---

[1] Simon also filed a motion to file his application for writ
of certiorari out of time, but that motion was also denied.  See
Simon v. Terrell, 134 S.C. 2159 (U.S. 5/5/2014).

(including punitive), legal interest, and costs (Doc. 1).   Simon is still confined in WCC.

Anderson answered the complaint, asked for a jury trial, and filed a statement of issues for trial (Doc. 16).

<u>Law and Analysis</u>

1.

It is clearly established that prisoners have a constitutionally protected right of access to the courts. <u>Brewer v. Wilkinson</u>, 3 F.3d 816, 920-21 (5th Cir. 1993), cert. den., 510 U.S. 1123, 114 S.Ct. 1081 (1994), and cases cited therein. Inmates' right of access to the courts applies only to the ability to attack their sentences, directly or collaterally, and the ability to challenge the conditions of their confinement. <u>Lewis v. Casey</u>, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182 (1996), citing <u>Bounds v. Smith</u>, 430 U.S. 817, 828, 97 S.Ct. 1491 (1977). Interference with access to the courts may constitute the deprivation of a substantive constitutional right, as well as a potential deprivation of property without due process, and may give rise to a claim for relief under §1983. Any deliberate impediment to access, even a delay of access, may constitute a constitutional deprivation. <u>Jackson v. Procunier</u>, 789 F.2d 307, 310-11 (5th Cir. 1986). Also. <u>Crowder v. Sinyard</u>, 884 F.2d 804, 811 (5th Cir. 1989), cert. den., 498 U.S. 924, 110 S.Ct. 2617 (1990). Prison officials cannot take actions, such as taking or destroying legal

2

papers, which will result in effectively denying a prisoner access to the courts. Crowder v. Sinyard, 884 F.2d at 811. To make out a claim that his constitutional right of access to the courts has been violated, a plaintiff must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

There are two categories of denial of access suits. The first category encompasses claims not yet litigated, or "forward-looking cases," which assert that official action is presently denying an opportunity to litigate for a class of potential plaintiffs; the opportunity has not been lost for all time, but only in the short term, and the object of the suit is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed. Christopher v. Harbury, 536 U.S. 403, 413, 122 S.Ct. 2179, 2185 (2002).

The second category is "backward-looking cases," which are specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future; the official acts claimed to have denied access may allegedly have caused the loss of an adequate settlement or a meritorious case. These cases look backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of this type of access claim is not the judgment in a further lawsuit, but

simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future. Christopher, 536 U.S. at 413-414, 122 S.Ct. at 2185-2186. Simon's case falls into the "backward-looking case" category.

Thus, the right of access to the courts claim is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. A plaintiff must identify a nonfrivolous, arguable underlying claim. Therefore, the underlying cause of action is an element that must be described in the complaint, in either a forward or backward-looking right of access case, just as much as allegations must describe the official acts frustrating the litigation. Christopher, 536 U.S. at 415-416, 122 S.Ct. at 2187. The predicate claim must be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope. In a backward-looking case, the remedy sought must itself be identified. In other words, the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and another plain statement should describe any remedy available under the access claim and presently unique to it. Christopher, 536 U.S. at 416, 122 S.Ct. at 2187.

In summary, to maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official

4

act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought.  U.S. v. McRae, 702 F.3d 806 (5th Cir. 2012), cert. den., 133 S.Ct.  2037 (2013).  Also, Mendoza v. Strickland, 414 Fed.Appx. 616, 618 (5th Cir. 2011).

A defendant in a backward-looking access to court suit has the right to obtain early dismissal of a hopelessly incomplete claim for relief.  Christopher, 536 U.S. at 417, 122 S.Ct. at 2188.

2.

In the case at bar, the response to Simon's grievance stated that Anderson refused to mail Simon's application on October 25, 2013 and thereafter due to lack of funds in Simon's inmate account (Doc. 1, Ex.); the response further stated that Simon's application was still being held in the mail room in January 2015 (Doc. 1, Ex.).  However, Simon provided proof that he had adequate funds in his account to pay the postage; Simon submitted (with his complaint) his inmate account balances from October 2013 through December 2013 (Doc. 1, Ex.).

Simon also attached a letter from the Supreme Court, advising him that his application for writs (mailed in January 2014) had been rejected as untimely (Doc. 1, Ex.).  The U.S. Supreme Court noted that Simon's petition was postmarked January 20, 2014 and received on February 7, 2014 (Doc. 1, Ex. A).  The Court stated that, since the Fifth Circuit denied the habeas petition (or

5

petition for rehearing) on July 29, 2013, Simon's petition for writ of certiorari had been due on or before October 27, 2013 (Doc. 1, Ex. A).

Since Simon showed that he always had sufficient funds in his inmate account to pay the postage on his writ application when he gave it to the prison officials for mailing on October 25, 2013, there apparently was not a good reason for Anderson to refuse to mail Simon's application.  Therefore, Simon has shown that Anderson interfered with his access to the courts.

3.

Simon further shows that he was pursuing habeas relief under 28 U.S.C. § 2254 through an application for writ of certiorari to the United States Supreme Court, which was rejected because Anderson refused to mail his writ application on time (Doc. 1, Ex. A; Doc. 24).

Rule 29(2) of the Supreme Court Rules states in part, "If submitted by an inmate confined in an institution, a document is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing and is accompanied by notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the date of deposit and stating that first-class postage has been prepaid."  Section 1746 explains making declarations under penalty of perjury.

Simon failed to send the Supreme Court a notarized statement

or a declaration made under penalty of perjury showing the date he handed his writ application to the authorities at WCC for mailing with prepaid first-class postage.  Had Simon done so, he would have satisfied the Supreme Court's deadline for mailing his writ application by showing he had given his writ application to the prison authorities for mailing on October 25, 2013, two days before the deadline, despite the even though Anderson failed to mail Simon's application when it was given to her for mailing.

Therefore, Simon has failed to show prejudice arising solely from Anderson's failure to mail his writ application in a timely manner.

Moreover, Simon cannot show that his writ application would have been granted if the U.S. Supreme Court had received it on time, because Simon has not shown that "the arguable nature of his underlying claim was more than a hope."  Rule 10 of the Supreme Court Rules states that review on certiorari by the U.S. Supreme Court is granted only for compelling reasons, such as a conflict with in the federal courts of appeal, a state court of last resort has decided an important federal question in a way that conflicts with the decision of another state court of last resort or a federal court of appeals, or a state court or federal court of appeals has decided an important question of federal law that has not been, but should be, settled by the Supreme Court or has decided an important federal question in a way that conflicts with

7

relevant Supreme Court decisions.  Rule 10 further states that a petition for a writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law.

Simon filed a writ of habeas corpus pursuant to Section 2254 on August 27, 2010, attacking his 2006 attempted second degree murder conviction and fifteen year sentence,[2] which was denied. Simon v. Warden, Allen Correctional Center, 2013 WL 430900 (W.D.La. 2013), adopting Report & Recommendation at 2012 WL 7004292 (W.D.La. 2010).  In that petition, Simon raised five grounds for relief: (1) trial judge's failure to grant a mistrial when it was discovered that the jury was improperly sequestered, (2) trial judge's improper removal of Simon from the courtroom in violation of La.C.Cr.P. art. 831; 3) trial judge's allowance of improper language in the Bill of Information that was read to the jury; (4) trial judge's denial of his right to an attorney of his choice in violation of Louisiana Constitutional Art. 1, § 13; and (5) insufficiency of the evidence to establish specific intent to kill, where the evidence demonstrated, instead, proper self-defense.  The district court denied Simon's habeas petition because he failed to show the force he used in self-defense was reasonable under the circumstances, he failed to prove prejudice from his attorney's

---

[2] State v. Simon, 07-426 (La. App. 3d Cir. 2007), 2007 WL 2854538 & 964 So.2d 491, writ den., 977 So.2d 930 (La. 2008).

allegedly deficient performance, and he had ample opportunity to conform his behavior to the trial judge's requests and be present during the trial, so he was not present in the courtroom during his trial solely on his own volition. Simon, 2012 WL 7004393.

Simon appealed the district court's denial of his Section 2254 habeas petition to the United States Fifth Circuit Court of Appeals. The Fifth Circuit denied Simon's request for a certificate of appealability because he failed to adequately brief some claims, and because he failed to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Simon v. Terrell, 13-30196 (5th Cir. 2013).

Since Simon's habeas petition is based on alleged factual errors (the self-defense argument and the confrontation clause argument) and alleged misapplications of state laws (the ineffective assistance of counsel claims). Simon has not argued that his case involves an important federal question as to which a state court of last resort and/or federal courts have conflicted or as to which the Supreme Court has never issued a decision. Simon has raised the types of claims for which, according to Rule 10, a petition for a writ of certiorari is rarely granted. Therefore, Simon cannot show that his underlying claims are non-frivolous and based on more than a hope. Compare, Phillips v. Walker, 122 Fed.Appx. 120, **1 (5th Cir. 2005); Fenlon v.

9

Quarterman, 2008 WL 637627, *23 (E.D.Tex. 2008), aff'd, 350 Fed. Appx. 931 (5th Cir. 2009), cert. dism'd, 560 U.S. 962, 130 S.Ct. 3418) (2010).

Since Simon has failed to show he suffered an actual injury due solely to Anderson's failure to mail his writ application, he has failed to show he was denied access to the courts.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Simon's action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___5___
day of ~~September~~ October 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

11